UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>FABRICIO SANCHEZ-RUIZ,<br><br>　　　　　　　　　　　　Defendant. | Case No.:  19cr2795-CAB<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. SECTION 3582(c)(1)(A) [Doc. No. 130]** |

On March 16, 2021, Defendant Fabricio Sanchez-Ruiz filed a motion to reduce sentence under 18 U.S.C. §3582(c)(1)(A).  [Doc. No. 130.]  On April 29, 2021, the government filed an opposition to the motion.  [Doc. No. 133.]  The matter has been fully briefed and the motion is suitable for determination on the papers.

1. Exhaustion.

A court may grant a defendant's own motion for a modification of sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Here, the government argues Defendant has not exhausted his administrative remedies because, since filing his motion, he has been transferred to a different facility and

has not exhausted his administrative remedies as to that facility. Specifically, Defendant sought administrative release from Reeves County Detention Center I/II on the grounds that it did not adequately protect him from exposure to COVID-19. However, Defendant has since been relocated to FCI Victorville, and he has not sought administrative release from that facility. Nevertheless, given the similarities in the BOP's COVID-19 response in the various facilities, the Court will not require Defendant to separately exhaust, and will address the merits of his argument.

2. Case Background.

On February 25, 2020, Sanchez was convicted of Count 1 of a thirty-count information, variously charging him and his two co-defendants with smuggling illegal aliens into the United States. In brief, Sanchez and his co-defendants captained a "panga" boat with fourteen aliens on it into the United States; he pled guilty to a single count of bringing an alien into the United States for the purpose of commercial advantage and private financial gain. This Court sentenced him to thirty-six months of imprisonment, the mandatory minimum term. Sanchez has served about twenty-two months of that sentence. He is currently incarcerated at FCI Victorville and is scheduled to be released on January 11, 2022.

3. Compassionate Release Considerations.

A court may modify or reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Defendant requests early release because of the threat posed by the Covid-19 pandemic. As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Varnado,* 2020 WL 2512204, at *1 (S.D. Cal., May 15, 2020); *United States v. Holden*, 2020 WL 1673440, at *3 (D. Or., April 6, 2020.)

Here, the Defendant's circumstances do not meet the requirements for compassionate release under 18 U.S.C. §3582(c)(1)(A)(i) as set forth in the policy statement. He does not have a terminal illness or a serious medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility. SSG 1B1.13, cmt. N. 1(A). Moreover, Defendant is in his early 50's, has received his first dose of the COVID-19 vaccine, has not tested positive for the virus and does not appear to have any substantial issues that would place him in an at-risk category under the CDC's guidance. Defendant's concerns about potential exposure to the COVID-19 virus alone does not qualify as an extraordinary and compelling reason to reduce his sentence.

4. Conclusion.

For the reasons set forth above, Defendant's motion to reduce his sentence is **DENIED.**

**IT IS SO ORDERED.**

Dated:  May 4, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge